IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADRIAN JOHN, SR., *et al.*,

    Petitioners,

  v.

AGUSTIN GARCIA, *et al.*,

    Respondents.

No. C 16-02368 WHA

**ORDER AFTER HEARING ON MOTION TO DISMISS**

    This petition for writ of habeas corpus is grounded in a long history of conflict and litigation between different factions of the Elem Indian Colony of Pomo Indians (the "Tribe"). The Tribe's governing body is a general council composed of all qualified voting members, which delegates various powers to a biennially elected executive committee. Following a disputed Tribal election in November 2014, the results of which are still undergoing review by the Interior Board of Indian Appeals, respondents established themselves as the Tribe's current executive committee.

    On March 28, 2016, respondents issued an "Order of Disenrollment" to petitioners and other Tribal members, accusing the recipients of "violating the laws of [the Tribe]" and stating, "If you are found guilty by the General Council of these offenses against the Tribe, you may be punished by . . . DISENROLLMENT - loss of membership" (Dkt. No. 30-1 at 12). Then, on June 2, 2016, respondents issued a "Disenrollment Notice of Default" that stated, "You are . . . found guilty of the offenses against the Tribe charged against you in the Complaint and your punishment for those offenses is . . . **Loss of Membership:** Disenrolled from the Elem Indian Colony as of June 2, 2016" (Dkt. No. 14-1 at 5 (bold and underline in original)).

Contrary to the plain text of the disenrollment order and notice of default, however, counsel and the current Tribal Chair for respondents represented at the hearing on their motion to dismiss today that not a single petitioner is currently disenrolled. Moreover, counsel and the Tribal Chair represented that the disenrollment order and notice of default are ineffective and, for all intents and purposes, dead letters; that no petitioner needs to do anything, including appear before the general council, in response to either document; and that no disenrollment proceedings are currently underway or pending against any petitioner. In short, respondents have unequivocally conceded away the entire disenrollment issue, and all collateral consequences thereof — including the prospect of permanent banishment that is the crux of this petition — have apparently evaporated.

The Court is thus inclined to dismiss this petition. The volatility of relations between the two sides, however, is such that the potential need for relief in the near future remains a real possibility. This action, moreover, has been plagued by evolving and shifting facts and narratives, and testimony elicited during the hearing today suggests some effects of respondents' now-repudiated actions — such as the denial of medical services to petitioners based on their purported "disenrollment" — continue to reverberate.

Accordingly, this order **DEFERS** ruling on respondents' pending motion to dismiss. A further hearing on this matter is set for **MARCH 16**. In the meantime, petitioners shall issue subpoenas and take depositions as needed to discover evidence, if any, of the practical effects of respondents' disenrollment order and notice of default on petitioners. By **FEBRUARY 8**, respondents shall submit a declaration, under oath, with an accurate list of all currently disenfranchised Tribal members, along with their terms of disenfranchisement and the dates of the general council meetings at which said disenfranchisements occurred.

**IT IS SO ORDERED.**

Dated: February 2, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2